# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HOSEA L. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-297-NCC |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Hosea L. Robinson, a prisoner and frequent filer of lawsuits, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the filing, the Court will grant plaintiff's motion to proceed *in forma pauperis* and assess an initial partial filing fee of $1.00 in accordance with 28 U.S.C. § 1915(b)(1). However, the complaint is defective because, among other things, it was not drafted on the Court's form. *See* E.D. Mo. Local Rule 2.06(A). The Court will give plaintiff the opportunity to submit an amended complaint; but, plaintiff's motion for appointment of counsel will be denied at this time.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Based on the financial information plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff's complaint titled "Suit for the Injunctive Relief of Court Ordered Federal Habeas Corpus," alleges violations of his rights under the "ADA" (the Americans with Disabilities Act) and the "ADAAA" (the Americans with Disabilities Act Amendments Act). He names as defendants the "State of Missouri, Department of Corrections; et al." He also seeks relief under the Eighth Amendment, alleging that he has been shown "callous and deliberate indifference" in regards to his chronic disabilities, which has placed his "life and health in imminent danger." Plaintiff claims he has been denied access to medical equipment and medications for his chronic heart disease and his sever gum disease. He also alleges that correctional officers at Southeast Correctional Center, where he is currently incarcerated, have caused him physical injury by repeatedly forcing him to be exposed to metal detectors. He does not state the relief he seeks, only requests that the Court allow him to state damages "at a later date." ECF No. 1.

## Discussion

Plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating his rights, thereby making it difficult for the Court to review his assertions under 28 U.S.C. § 1915. However, plaintiff's complaint is also defective because it is not filed on a court form. Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint on the Court's form.

The Court notes that many of the claims raised in plaintiff's complaint appear to be the same claims raised in previously-filed suits before this Court. *See Robinson v. St. Louis City*, No. 4:18-cv-1853-HEA (filed Oct. 24, 2018; still pending); *Robinson v. State of Mo.*, No. 4:18-cv-1225-JAR (dismissed Oct. 24, 2018; appeal dismissed Jan. 31, 2019); *Robinson v. State of*

*Mo.*, No. 4:18-cv-114-RLW (dismissed Jan. 29, 2018); *Robinson v. Payne*; No. 4:18-cv-1224-CDP (dismissed Oct. 29, 2018); *Robinson v. Glass*; No. 4:17-cv-1628-PLC (dismissed Sept. 28, 2017; appeal dismissed Jan. 19, 2018). In fact, the "evidence" attached to plaintiff's complaint is marked as exhibits from a different suit. *See* ECF No. 1-1. The plaintiff is warned that he may not proceed *in forma pauperis* more than once on the same claims. *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Also, the Court may dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992). Plaintiff's amended complaint should be clear on how the claims raised in this matter differ from claims already considered by the Court, and from claims pending in other suits before the Court.

Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

The filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, in separate, numbered paragraphs plaintiff should set forth the specific factual allegations supporting his claim or claims against each defendant, as well as the constitutional right or rights that defendant violated. Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. See Fed. R. Civ. P. 18(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice. After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

**Appointment of Counsel**

Finally, the Court will deny plaintiff's motion for appointment of counsel without prejudice. ECF No. 4. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To

determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within **twenty-one (21) days** of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FINALLY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 8th day of February, 2019.


 /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE