# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HOSEA L. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-297 NCC |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff Hosea L. Robinson, a prisoner and frequent filer of lawsuits, has failed to comply with the Court's February 8, 2019, Order requiring him to file an amended complaint on a court-provided form and to pay an initial partial filing fee of $1.00. Because the plaintiff is proceeding *pro se*, the Court will give him an opportunity to submit a second amended complaint based on the Court's instructions. The Court will also instruct the agency having control over plaintiff to pay his filing fee. Plaintiff's failure to comply with this Order will result in dismissal of this action, without prejudice.

### Background

Plaintiff's filed his *pro se* complaint titled "Suit for the Injunctive Relief of Court Ordered Federal Habeas Corpus" on December 17, 2018, alleging violations of his rights under the "ADA" (the Americans with Disabilities Act) and the "ADAAA" (the Americans with Disabilities Act Amendments Act). He named as defendants the "State of Missouri, Department of Corrections; et al." Upon review of plaintiff's initial complaint, the Court found it defective because, among other things, it was not drafted on the Court's form, see E.D. Mo. Local Rule 2.06(A). On February 8, 2019, the Court ordered plaintiff to file an amended complaint on the

Court-provided form in compliance with the Court's instructions, and to pay an initial partial filing fee of $1.00 within twenty-one days. ECF No. 5.

On February 14, plaintiff filed a "Motion for Court Order" asking the Court to order defendants to show cause within ten (10) days as to why he should not be granted injunctive relief in this matter. ECF No. 6. On February 22, plaintiff filed a request to submit additional evidence of constitutional violations, construed by the Court as a supplement to the original complaint. ECF No. 7. On February 25, plaintiff filed a "Motion for Discovery," seeking copies of medical records. ECF No. 8. On that same date, he also filed an "Amended Response to Memorandum and Order … issued on February 8, 2019." ECF No. 9. The Court interprets this "Amended Response" to be plaintiff's amended complaint, however, it is again not filed on the court-provided form.

## Discussion

Both plaintiff's original complaint and his amended response make the same sweeping allegations of constitutional violations, listing the same case citations, and providing no factual support. Plaintiff's amended complaint asserts legal conclusions and fails to explain how any particular individual was personally responsible for violating his rights, thereby making it difficult for the Court to review his assertions under 28 U.S.C. § 1915. Also, plaintiff's amended complaint is again defective because it is not filed on a court form. Because plaintiff is proceeding *pro se*, the Court will allow him to file a second amended complaint on a court-provided form.

Plaintiff has **twenty-one (21) days** from the date of this Order to file a second amended complaint in accordance with the specific instructions set forth here, or he will face dismissal of his action, without prejudice. All claims in the action must be included in one, centralized

complaint form.  *See* Fed. R. Civ. P. 7(a)(1), 8(a).  Plaintiff is required to submit his second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought.  And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

The Court notes that many of the claims raised in plaintiff's complaint and amended complaint appear to be the same claims raised in previously-filed suits before this Court.  *See Robinson v. St. Louis City*, No. 4:18-cv-1853-HEA (filed Oct. 24, 2018; still pending); *Robinson v. State of Mo.*, No. 4:18-cv-1225-JAR (dismissed Oct. 24, 2018; appeal dismissed Jan. 31, 2019); *Robinson v. State of Mo.*, No. 4:18-cv-114-RLW (dismissed Jan. 29, 2018); *Robinson v. Payne*; No. 4:18-cv-1224-CDP (dismissed Oct. 29, 2018); *Robinson v. Glass*; No. 4:17-cv-1628-PLC (dismissed Sept. 28, 2017; appeal dismissed Jan. 19, 2018).  In fact, the "evidence" attached to plaintiff's complaint is marked as exhibits from a different suit.  *See* ECF No. 1-1.  The plaintiff is warned that he may not proceed *in forma pauperis* more than once on the same claims.  *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).  Also, the Court may dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992).  Plaintiff's second amended complaint should be clear on how the claims raised in this matter differ from claims already considered by the Court, and from claims pending in other suits before the Court.

The filing of a second amended complaint replaces the original complaint, the amended complaint, and all previously-filed supplements, so plaintiff must include each and every one of

the claims he wishes to pursue in the second amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, amended complaint, supplements, and/or pleadings that are not included in the second amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm.

In the "Caption" section of the second amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, in separate, numbered paragraphs plaintiff should set forth the specific factual allegations supporting his claim or claims against each defendant, as well as the constitutional right or rights that defendant violated. Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. See Fed. R. Civ. P. 18(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

If plaintiff fails to file a second amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice. After the filing of plaintiff's second amended

4

complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

## Motions for Court Order and Discovery

Finally, the Court will deny plaintiff's motions for court order (ECF No. 6) and for discovery (ECF No. 8). Because the Court has not yet finalized review of plaintiff's allegations under 28 U.S.C. § 1915, nor has any process been issued in this matter, it is premature for the Court to be considering orders requiring defendants to show cause or produce discovery.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file a second amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the District Court filing fee is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion for court order [ECF No. 6] is **DENIED**.

**IT IS FINALLY ORDERED** that plaintiff's motion for discovery [ECF No. 8] is **DENIED**.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 20th day of March, 2019.

                                                    /s/ Noelle C. Collins  
                                                  NOELLE C. COLLINS  
                                                  UNITED STATES MAGISTRATE JUDGE