UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HOSEA L. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-297 NCC |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the second amended complaint of *pro se* plaintiff Hosea L. Robinson, a prisoner and frequent filer of lawsuits. Plaintiff has failed to comply with two Orders from this Court requiring him to file an amended complaint on a court-provided form, and to pay an initial partial filing fee of $1.00. *See* ECF Nos. 5 & 10. Plaintiff was given meaningful notice of what was expected, and cautioned that his case would be dismissed if he failed to timely comply. For the reasons explained below, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**Background**

Plaintiff's filed his *pro se* complaint titled "Suit for the Injunctive Relief of Court Ordered Federal Habeas Corpus" on December 17, 2018, alleging violations of his rights under the "ADA" (the Americans with Disabilities Act) and the "ADAAA" (the Americans with Disabilities Act Amendments Act). He named as defendants the "State of Missouri, Department of Corrections; et al." Upon review of plaintiff's initial complaint, the Court found it defective because, among other things, it was not drafted on the Court's form, *see* E.D. Mo. Local Rule 2.06(A). On February 8, 2019, the Court ordered plaintiff to file an amended complaint on the

court-provided form in compliance with the Court's instructions, and to pay an initial partial filing fee of $1.00 within twenty-one days. ECF No. 5.

On February 25, plaintiff filed an "Amended Response to Memorandum and Order … issued on February 8, 2019," which the Court interpreted as plaintiff's amended complaint. *See* ECF No. 9. The amended complaint was not filed on the court-provided form, and like the original complaint, it made the same sweeping allegations of constitutional violations without providing any factual support or explaining how any particular individual was personally responsible for violating plaintiff's rights. On March 20, 2019, the Court gave *pro se* plaintiff another chance to file a second amended complaint on a court-provided form. ECF No. 10. In that Order, the Court detailed what should be included in the second amended complaint and how plaintiff should clarify how the claims raised in this matter differ from claims already considered, or currently pending, before the Court.

On April 1, 2019, plaintiff filed a second amended complaint – again, not on the court-provided form. As of the date of this Order, plaintiff has still not paid the $1.00 partial initial filing fee. *See* ECF No. 5.

**The Second Amended Complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SCC"), begins his second amended complaint by stating that he seeks to withdraw his "Original filings of Suit for Injunctive Relief" and instead, he seeks a "Court Order of Mandamus … For the Dismissal of All Criminal Charges with Prejudice for the Above Names Defendant['s] Violations of the Equal Protection Clause." ECF No. 11 at 1. Plaintiff names one defendant in the caption of his filing: State of Missouri.

In general, plaintiff's allegations are hard to decipher and understand. He includes numerous case citations but fails to explain how they pertain to his case. He asserts violations of his rights to equal protection, due process, and a fair and speedy trial with an unprejudiced public jury. However, plaintiff cites a Seventh Circuit case where the appellate court found no Speedy Trial Act or Sixth Amendment speedy trial protection violation, *U.S. Rothrock*, 20 F.3d 709, 711-12 (7th Cir. 1994). Plaintiff states that he seeks relief under the "Federal Laws of Due Process," but he also cites the Missouri Speedy Trial Act, Mo. Rev. Stat. § 545.780.

Plaintiff cites case law suggesting he is asserting a "class of one" equal protection claim, but he never alleges how he has been intentionally treated differently from others who are similarly situated. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In support of his equal protection claim, he also cites the Missouri Constitution and a Supreme Court of Missouri case that affirmed an order of mandamus compelling a city to approve a land plat application. *See Furlong Cos., Inc. v. City of Kansas City*, 189 S.W.3d 157, 166-73 (Mo. 2006).

Plaintiff also claims he has been wrongly convicted and sentenced, citing a Supreme Court case holding that involuntary transfer of a prisoner to a mental hospital implicates a liberty interest that is protected by the Due Process Clause of the Fourteenth Amendment. *See Vitek v. Jones*, 445 U.S. 480, 487-91 (1980). According to plaintiff, his rights were violated in his state court criminal case due to prosecutorial misconduct; the use of third party testimony to prejudice the jury; ineffective assistance of counsel; the state's dropping and refiling of charges under the same evidence; and "by reasons of physical disability and mental impairment" in violation of the ADA and ADAAA.

Plaintiff also alleges deliberate indifference to his medical care, and that his health and life are in imminent danger while he is under the care of the State of Missouri's Department of

Corrections. Plaintiff asks the Court for "dismissal of all criminal charges with prejudice" and the "right to file [a] class action suit at a later date." ECF No. 11 at 1, 6.

## Discussion

Plaintiff's second amended complaint is again defective because it is not filed on a court form. *See* E.D. Mo. Local Rule 2.06(A). This failure to comply with the court's multiple orders is alone enough to dismiss the case. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

However, the second amended complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2). Like the two prior complaints, plaintiff's second amended complaint makes sweeping allegations of constitutional violations without providing any factual support. Plaintiff asserts legal conclusions but fails to explain how any particular individual was personally responsible for violating his rights. He also cites cases but fails to explain how the cases are relevant to this matter or how they support his arguments. Plaintiff's allegations are frivolous and fail to state a claim for relief.

In addition, based on the allegations of violations of equal protection, due process, and deliberate indifference, it appears that plaintiff intends to bring this suit for civil rights violations under 42 U.S.C. § 1983. However, the second amended complaint fails to name a suable defendant because the State of Missouri is not a "person" for purposes of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). To the extent the complaint can be liberally construed as alleging claims against the Missouri Department of Corrections under § 1983, these claims fail for the same reason. *E.g., Barket, Levy & Fine, Inc. v. St. Louis*

*Thermal Energy Corp.,* 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit).

Also, plaintiff's claims are subject to dismissal as duplicative of another case he brought in this Court based on the same allegations. On January 22, 2018, plaintiff filed a "Discrimination Lawsuit" seeking relief against the State of Missouri based on violations of the ADA, ADAAA, and his rights under the Sixth, Eighth, and Fourteenth Amendments. *Robinson v. State of Mo.*, No. 4:18-CV-114-RLW, ECF No. 1 (E.D. Mo. Jan. 22, 2018) (hereafter "*Robinson I*"). Plaintiff sought and was granted leave to proceed *in forma pauperis* in *Robinson I*. In that suit, plaintiff asserted discrimination allegations, a violation of his "speedy trial deadline," and he used the words "deliberate indifference" but he never stated a serious medical need that was disregarded. *Id.* at ECF No. 1 at 3. After carefully reviewing and liberally construing the complaint under both § 1983 and as a possible habeas petition under 28 U.S.C. § 2241, the Court dismissed *Robinson I* for failure to state a claim under 28 U.S.C. § 1915(e) on January 29, 2018. *Id.* at ECF No. 4.

Plaintiff alleges the same claims here as in *Robinson I*. The allegations in the instant complaint, which plaintiff has filed *in forma pauperis*, are duplicative of the allegations plaintiff brought in *Robinson I*, which the Court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). While the dismissal of *Robinson I* "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal "has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Accordingly, this Court determines the §

1915(e)(2) dismissal of *Robinson I* has res judicata effect and establishes that this second, nearly identical complaint is frivolous for § 1915(e) purposes.

To the extent that plaintiff seeks a writ of mandamus regarding his allegations of a violation of his right to a speedy trial, such allegations are also subject to dismissal. Under the current Missouri Speedy Trial Act, a criminal defendant should be brought to trial "as soon as reasonably possible" after the defendant indicates he is ready for trial and requests a speedy trial. Mo. Rev. Stat. § 545.780.1. The statute provides that the remedy for a defendant who is not tried "as soon as reasonably possible" is to seek mandamus. *Id.* at § 545.780.2.

Plaintiff refers to Missouri criminal case number 1722-CR04070-01 in his second amended complaint. Independent review of plaintiff's criminal case on Missouri Case.net, the State of Missouri's online docketing system, shows that on November 21, 2017, plaintiff was charged with statutory rape. On January 3, 2018, he filed a request for a speedy trial to occur before July 2, 2018. Six days after the filing of the request for speedy trial, plaintiff filed a motion to dismiss for violation of his right to speedy trial. That motion was denied and plaintiff's jury trial was held on January 31 and February 1, 2018. Plaintiff was found guilty of statutory rape. On the date of his sentencing, plaintiff's second request for dismissal of his case for a violation of his speedy trial rights was denied and he was sentenced to twenty years. Despite being represented by counsel in that matter, it appears that plaintiff filed a *pro se* petition for writ of mandamus on August 24, 2018, that has not been ruled on. Also, his counsel filed a notice of appeal, which is still pending. *See State v. Robinson*, Case No. 1722-CR04070-01 (22nd Jud. Cir. Nov. 21, 2017).

The state criminal court is the best court to decide the outcome of plaintiff's speedy trial considerations, and the state trial court should be allowed the time to do so. Missouri law also

7

provides at least two other distinct avenues for challenging unconstitutional conduct: filing a declaratory action or filing a state petition for habeas corpus. *See Wayne v. Missouri Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). Finally, this Court has already considered and denied plaintiff's arguments for a writ of mandamus relative to his speedy trial claims in his underlying state criminal action. *See Robinson v. Glass*, No. 4:17-CV-1628-PLC, ECF No. 26 (E.D. Mo. June 1, 2017) (dismissing case after finding no special circumstances justified that currently available and adequate state remedies had not been exhausted before invoking federal jurisdiction).

Finally, to the extent plaintiff seeks habeas relief here pursuant to 28 U.S.C. § 2254 instead of § 1983 relief, this case is subject to dismissal under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. As of the date of this Memorandum and Order, both plaintiff's motion for post-conviction relief and his direct appeal remain pending in the Missouri State courts.[1] A petition for writ of habeas corpus pursuant to § 2254 shall not be granted unless it appears that the petitioner has exhausted his available state remedies. 28 U.S.C. § 2254(b)(l)(a). *See also Robinson v. Payne*, No. 4:18-CV-1224-CDP, ECF No. 10 (E.D. Mo. July 13, 2018) (dismissed on October 29, 2018, for failure to failure to exhaust available state remedies); *Robinson v. State of Missouri*, No. 4:18-CV-1225-JAR, ECF No. 10 (E.D. Mo. July 13, 2018) (dismissed on October 24, 2018, in part, for failure to exhaust available state remedies).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *See Robinson v. State of Missouri,* No. 1822-CC10735 (22nd Jud. Cir. 2018) and *State of Missouri v. Hosea L. Robinson,* No. ED107079 (E.D. Mo. 2018).

**IT IS HEREBY CERTIFIED** that an appeal from this action would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of April, 2019.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE